IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD CANTRALL,

    Plaintiff,

vs.                                                            CIVIL NO. 02-747 BB/RLP

APPLERA CORPORATION, a foreign
corporation, PE CORPORATION, formerly
known as Perkin-Elmer Corporation, a foreign
corporation, and MOLECULAR
INFORMATICS, INC., a foreign corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on the Defendants' Motion to Strike **(Docket No.56)**, the Court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is well taken in part and will be GRANTED IN PART.

### BACKGROUND

Defendants' Motion to Strike requests that Plaintiff's experts, James Gansman and Jason Beckwith, be stricken as experts because of Plaintiff's non-compliance with Fed.R.Civ.P. 26. Plaintiff responds stating his two experts are Mr. Gansman and Arthur Miller and that Mr. Beckwith is ". . . not serving as a testifying expert." Therefore, the focus of this motion is the Defendants' request to strike Mr. Gansman as Plaintiff's expert witness or, in the alternative, to limit Mr. Gansman's testimony to the opinions set forth in his expert witness report.

Plaintiff's expert witness disclosures were due on November 25, 2002. Plaintiff served a number of documents on Defendants on November 25, 2002, including a report by Mr. Beckwith dated September 9, 2002. Since Mr. Beckwith is not serving as a testifying expert, it is not clear why this report was produced. On March 27, 2003, prior to Mr. Gansman's deposition, Mr. Gansman issued an identical report to Mr. Beckwith's report. Apparently, Mr. Beckwith works or collaborates with Mr. Gansman and did so in producing this report. Regardless of the explanation for a tardy report from Mr. Gansman, his report was produced prior to his deposition and, therefore, any negative consequence suffered by Defendants was harmless. See, *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952-53 (10th Cir. 2002).

## DISCUSSION

Rule 26(b)(4) allows parties to depose expert witnesses who may testify at trial. *Lovato v. Burlington Northern and Santa Fe Ry. Co.,* 200 F.R.D. 448 (D. Colo. 2001). Expert depositions are not allowed until the report is provided. The purpose of this condition precedent is to reduce the expense of a deposition of the expert witness or to eliminate the need for the deposition entirely. See *Advisory Committee Note* to Fed.R.Civ.P. 26(b).

It is the clear intent of Rule 26(b)(4) that an expert's deposition be limited to the opinions set forth in the expert disclosure. Simply because an expert references opinions that are not set forth in the expert disclosure does not open the door for additional opinions to be introduced into the case. Defendants allege that additional opinions were given by Mr. Gansman during the course of his deposition that were not

set forth in his expert witness report.  Defendants' attempt to summarize these additional opinions in footnote 1 to their reply brief.  The Court will not delve into the Gansman deposition to determine if additional opinions were rendered outside the expert report.  However, it is clear at this stage of the case that any opinions not set forth in the Gansman expert witness disclosure will not be allowed at the time of trial.  Given the deadlines that have been set in this case and the discovery that has been completed, Defendants have made a showing of prejudice with the introduction of any new opinions by Mr. Gansman.  If there are additional opinions by Mr. Gansman set forth in his deposition that are not set forth in his expert witness disclosure, these opinions will not be allowed at the time of trial.  Any such opinions would violate Rule 26(b)(4).  If additional opinions were allowed at this late stage, Defendants would be required to re-strategize their case and re-open discovery at great expense.  To require Defendants to reformulate their case would clearly be prejudicial.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike **(Docket No. 56)** is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Mr. Gansman will be allowed to testify regarding the opinions set forth in his expert witness disclosure made on March 27, 2003.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Reply Brief in Further Support of Motion to Strike Plaintiff's Expert and Non-Testifying Expert Report or in the Alternative to Permit a Surreply **(Docket No. 96)** is **DENIED.**

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge